Filed 8/14/15  P. v. Wade CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B260409 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA075430) |
| v. | |
| GERALD CURTIS WADE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven R. Van Sicklen, Judge.  Affirmed.

Doreen B. Boxer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record, we affirm the judgment. We provide the following brief summation of the factual and procedural history of the case. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 124 (*Kelly*).)

## PROCEDURAL BACKGROUND

On December 17, 2012, defendant and appellant Gerald Wade was charged by felony complaint with failure to register upon release, in violation of Penal Code section 290.015, subdivision (a).[1] The complaint also alleged that Wade had suffered a prior conviction within the meaning of sections 1170.12, subdivisions (a) through (d), 667, subdivisions (b) through (i), and a prior conviction within the meaning of 667.5, subdivision (b). Wade pleaded guilty, and was placed on formal probation for three years subject to various conditions, including that he not violate the law.

Based on allegations made in a confidential probation report, a probation revocation hearing was conducted on October 27, 2014, after which Wade was found to have violated probation. The trial court revoked and reinstated probation, and ordered Wade to serve 176 days in county jail, with credit for 176 days for time served and good conduct. The trial court also ordered Wade not to go within 100 yards of Janette Wells. Wade filed this timely appeal.

## FACTUAL BACKGROUND

On July 31, 2014, Los Angeles Sheriff's Department (LASD) Deputy Milissa Barron responded to a call at 1355 104th Street, Los Angeles, where she contacted Wade who was holding a suitcase. Deputy Barron also made contact with Janette Wells who was distraught, very emotional and had a bump on her face. As Deputy Barron was transporting Wade he asked if Deputy Barron planned to "get [his] side of the story." He said he had been defending himself and might have scratches, and that Wells had stabbed him in the past.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

LASD Detective Marcos Escalante conducted a follow up investigation in this matter. The prosecutor played a 911 call from Wells, in which Wells told the 911 operator that "[he had] a suitcase i[n] his hand" and was walking towards Normandie in the area of 104th street. Over the objection of defense counsel, the trial court found the 911 recording corroborated by the two LASD witnesses, deemed it reliable and admitted the recording into evidence as an excited utterance.

At the October 27, 2014 probation violation hearing, the prosecutor argued that Wade had violated his probation by striking Wells. A condition of Wade's probation was that he obey all laws. The trial court found that the preponderance of evidence proved that Wade had in fact struck Wells and this violated his probation.

## *WENDE* REVIEW

After review of the record, Wade's court-appointed counsel filed an opening brief requesting that this court independently review the record to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at p. 441.) On April 27, 2015, we advised Wade he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no response from Wade. We have examined the record in accordance with our obligations under *Wende*. On this record, we are satisfied that Wade received adequate and effective appellate review of the judgment in this action, that his counsel fully complied with her responsibilities and that no arguable issues exist. (*Kelly*, *supra*, 40 Cal.4th at pp. 109–110; *Wende*, *supra*, 25 Cal.3d at p. 443.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

                                        JOHNSON, J.


We concur:


        ROTHSCHILD, P. J.


        CHANEY, J.

4